UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SHIVE,

                     Plaintiff,

        v.

AMAZON.COM, INC.; eBAY, INC.; JOHN
LAVECCHIA; J&C BASEBALL
CLUBHOUSE, INC.; SEARS HOLDING
CORPORATION; UNBEATABLE
SALE.COM, INC.; and WAL-MART
STORES, INC.,

                    Defendants.

Case No.  1:15-cv-00406-KK-WPL

## WALMART'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wal-Mart Stores, Inc. ("Walmart"), by its undersigned attorneys, answers the

allegations in the Verified Complaint for Copyright Infringement of Plaintiff James Shive

("Plaintiff") dated May 12, 2015 (the "Complaint") as follows:

1.      With respect to the preamble in the Complaint, Walmart admits that the

Complaint purports to allege copyright infringement of a photograph of Clarence Clemons.

Walmart admits that Exhibit 1 to the Complaint purports to be a copyright registration certificate,

a copy of a *Rolling Stone* cover, and a copy of a photograph.  Walmart admits that Exhibit 2 to

the Complaint purports to be a copyright registration certificate and a copy of a photograph

submitted with Plaintiff's application.  Except as expressly admitted herein, Walmart denies the

remaining allegations in the preamble to the Complaint.

2.      Walmart admits that the Complaint purports to allege copyright infringement and that this Court has jurisdiction over Walmart.  Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 1.

3.      Walmart admits that it conducts business in this judicial district and that this Court has personal jurisdiction over Walmart.  Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 2.

4.      Walmart admits that venue with respect to Walmart is proper in this action. Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 3.

5.      Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

6.      Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

7.      Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

8.      Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

9.      Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

10.      Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

11.      Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

12.     Walmart admits the allegations in Paragraph 11.

13.     Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

14.     Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

15.     Walmart lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

16.     Walmart admits that Exhibit 1 to the Complaint purports to be a copyright registration certificate, a copy of a *Rolling Stone* cover, and a copy of a photograph.  Except as expressly admitted herein, Walmart lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15.

17.     Walmart lacks knowledge or information sufficient to form a belief about the truth of when Mr. Shive allegedly became aware of the claimed infringement in this action. Except as expressly admitted herein, Walmart denies the remaining allegations in Paragraph 16.

18.     Walmart admits it was contacted by a representative of Plaintiff and that it responded to Plaintiff.  Except as expressly admitted herein, Walmart lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

19.     Walmart denies the allegations in Paragraph 18.

20.     Walmart repeats and incorporates by reference its answers to the allegations in Paragraphs 1 through 18, as if fully set forth herein.

21.     Walmart denies the allegations in Paragraph 20.

## **PLAINTIFF'S DEMAND FOR RELIEF**

Walmart denies that Plaintiff is entitled to the judgment and relief requested in the

Complaint and in Plaintiff's demand for relief.

1.      Walmart denies Plaintiff's request for relief in Paragraph 1.

2.      Walmart denies Plaintiff's request for relief in Paragraph 2.

3.      Walmart denies Plaintiff's request for relief in Paragraph 3.

4.      Walmart denies Plaintiff's request for relief in Paragraph 4.

5.      Walmart denies Plaintiff's request for relief in Paragraph 5.

## **GENERAL DENIAL**

Walmart denies each and every allegation, matter, or thing contained in the Complaint,

expressed or implied, not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's copyright claims are barred to the extent that Plaintiff claims rights to

elements that are not protected by copyright or are not copyrightable subject matter.

### THIRD AFFIRMATIVE DEFENSE

3.      The copyright registrations upon which Plaintiff purports to rely are not valid.

### FOURTH AFFIRMATIVE DEFENSE

4.      The conduct alleged to be infringing was licensed or otherwise authorized by

Plaintiff.

FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred by the statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claim is barred, in whole or in part, by equitable doctrines of estoppel, laches, unclean hands, and waiver.

SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims for copyright infringement are barred by the doctrine of *de minimis* copying.

EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred by the doctrine of fair use.

NINTH AFFIRMATIVE DEFENSE

9.      Walmart's alleged infringement, if any, was innocent.

TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff improperly joined the defendants in this action.

ELEVENTH AFFIRMATIVE DEFENSE

11.     Walmart's investigation of its defenses is ongoing, and Walmart expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

WHEREFORE, Defendant Wal-Mart Stores, Inc. requests that the Court:

a.      Enter judgment in favor of Walmart on all claims in the Complaint;

b.      Dismiss the Complaint with prejudice;

c.      Award Walmart its reasonable attorneys' fees and costs; and

d.      Grant Walmart such other and further relief as may be proper and just.


Dated:   July 13, 2015                    Respectfully submitted,

                                          WHITE & CASE LLP

                                          By:  /s/ Stefan M. Mentzer
                                               Stefan M. Mentzer
                                          1155 Avenue of the Americas
                                          New York, New York 10036
                                          (212) 819-8200
                                          smentzer@whitecase.com

                                          *Attorneys for Defendant*
                                          *Wal-Mart Stores, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2015, the foregoing was filed electronically through the

CM/ECF system providing notice to all counsel of record.

/s/ Stefan M. Mentzer