IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SHIVE,

        Plaintiff,

v.                                                                                                  CV 15-406 JB/WPL

AMAZON.COM INC.; EBAY, INC.;
JOHN LAVECCHIA; J&C BASEBALL
CLUBHOUSE, INC.; SEARS HOLDING
CORPORATION; UNBEATABLE
SALE.COM INC.; and WAL-MART STORES, INC.;

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Defendant Sears Holdings Corporation ("Sears") filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 41(b), for Plaintiff James Shive's failure to comply with a Court order. (Doc. 32.) Specifically, I entered an Order to Show Cause on October 13, 2015, directing Shive to move the case forward with respect to Defendants John LaVecchia, eBay, Inc., and J&C Baseball Clubhouse, Inc. (Doc. 25.) Shive did not respond to the Order. These Defendants were dismissed without prejudice on October 29, 2015. (Doc. 30.)

Sears seeks to use Shive's failure to comply with the Order to Show Cause as basis for dismissal with prejudice of all claims against Sears, pursuant to Rule 41(b). Sears cites no additional authority suggesting that a plaintiff's failure to comply with an order unrelated to a given defendant could or should serve as basis to dismiss with prejudice all claims against the unrelated defendant.

The decision to grant or deny a motion to dismiss under Rule 41(b) is within the sound discretion of the Court. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). Involuntary dismissal pursuant to Rule 41(b) is a severe measure and generally disfavored. *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993). Accordingly, the Tenth Circuit has identified a non-exhaustive list of factors to be considered when deciding a Rule 41(b) motion: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

First, Shive's failure to comply with an Order to Show Cause unrelated to Sears did not prejudice Sears in any way. Second, Shive has not "interfered" with the judicial process in any meaningful way: the Defendants referenced in the Order to Show Cause have been dismissed from the case and the case is set for a Rule 16 scheduling conference to set discovery deadlines. Third, Shive proceeds pro se. While he is certainly held to the same procedural standard are parties represented by counsel, it cannot be said that he acted willfully or unreasonably with regard to Sears. Fourth, the Court did warn Shive that dismissal of the relevant Defendants would occur if he failed to comply with the Order to Show Cause, and those Defendants were subsequently dismissed. The court has had no reason to warn Shive that dismissal may result as to Sears. And finally, the lesser sanction of dismissing the relevant Defendants has already occurred.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

I find that the *Ehrenhaus* factors weigh heavily in favor of denying Sears's motion to dismiss. Accordingly, I recommend that the Court exercise its discretion and deny the motion to dismiss.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                                                          _____
                                                                          William P. Lynch
                                                                          United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.