# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES SHIVE,

        Plaintiff,

v.                                                                                                                 CV 15-406 JB/WPL

AMAZON.COM INC.; EBAY, INC.;
JOHN LAVECCHIA; J&C BASEBALL
CLUBHOUSE, INC.; SEARS HOLDING
CORPORATION; UNBEATABLE
SALE.COM INC.; and WAL-MART STORES, INC.;

        Defendants.

## SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Pro se Plaintiff James Shive filed his third motion for default judgment against Defendant J&C Baseball Clubhouse, Inc. (J&C). (Doc. 77.) The Court previously set aside default and denied Shive's previous motions for default judgment due to procedural errors. (*See* Docs. 72, 74.)

Shive filed a complaint for copyright infringement against J&C, alleging that J&C reproduced and sold online copies of a photograph of Clarence Clemons. (Doc. 1 at 6.) Shive took the Clemons Photograph in May 1978 and authorized Rolling Stone Magazine to use the photograph in the August 4, 2011 issue, as part of tribute to Clemons after his death. (Id.) Rolling Stone registered its copyright in the August 4, 2011 issue with the U.S. Copyright Office, Certificate of Registration No. TX 7,494,880. (Id.) Shive also applied for and obtained a separate registration of his copyright in that photograph in his own name, recorded as Copyright Registration No. VA 1-952-611, effective January 20, 2015. In 2014 and 2015, J&C was

reproducing and offering for sale copies of the Clemons Photograph and advertising the image as "valuable memorabilia." (Id.) Shive did not approve the reproduction or sales.

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. See Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Watkins v. Donnelly, 551 F. App'x 953, 958 (10th Cir. 2014)(unpublished)("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, the party must either request the clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed.R.Civ.P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed.R.Civ.P. 55(b)(2).

After entering default judgment, a district court takes all of the well-pleaded facts in a complaint as true. See United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006) (unpublished); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (citations omitted)). "If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." United States v. Craighead, 176 F. App'x at 925 (alteration in original)(quoting 10A Charles Alan Wright, Arthur

-2-

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, <u>Federal Practice & Procedure</u> § 2688 (3d ed. 1998)). <u>See</u> Fed.R.Civ.P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). A court may enter a default judgment for a damage award without a hearing if the amount claimed is "one capable of mathematical calculation." <u>Applied Capital, Inc. v. Gibson</u>, 558 F. Supp. 2d 1189, 1202 (D.N.M.2007)(Browning, J.) (quoting <u>H.B. Hunt v. Inter–Globe Energy, Inc.</u>, 770 F.2d 145, 148 (10th Cir. 1985))(citing <u>Venable v. Haislip</u>, 721 F.2d at 300). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A Wright & Miller, <u>supra</u>, § 2688 (quoting <u>Pope v. United States</u>, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944)). "If the damages sum is not certain or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary. <u>Applied Capital, Inc. v. Gibson</u>, 558 F. Supp. 2d at 1202 (citing <u>Beck v. Atl. Contracting Co.</u>, 157 F.R.D. 61, 64 (D.Kan.1994)). <u>See</u> Fed.R.Civ.P. 55(b)(2)(B) ("The court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages.").

"Default judgments are a harsh sanction." <u>Ruplinger v. Rains</u> (<u>In re Rains</u>), 946 F.2d 731, 732 (10th Cir. 1991). The Court has noted that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural

-3-

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

error.'" Noland v. City of Albuquerque, No. CIV 08–0056 JB/LFG, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009)(Browning, J.)(quoting In re Rains, 946 F.2d at 733).

> [S]trong policies favor resolution of disputes on their merits: [T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

In re Rains, 946 F.2d at 732–33 (citations omitted) (internal quotation marks omitted). See Noland v. City of Albuquerque, 2009 WL 2124591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). "[T]he good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009)(unpublished) (quoting Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp., 115 F.3d 767, 775 n. 6 (10th Cir. 1997)). The distinction between setting aside an entry of default and setting aside a default

-4-

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

judgment "reflects the different consequences of the two events and the different procedures that bring them about." 10A Wright & Miller, supra, § 2692.

> [T]he clerk or the court may enter a default upon the application of the nondefaulting party. The entry simply is an official recognition of the fact that one party is in default, as, for example, for failure to comply with the rules, to appear as scheduled, or to prosecute the case with due diligence. The entry is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).
>
> In sharp contrast, a final default judgment is not possible against a party in default until the measure of recovery has been ascertained, which typically requires a hearing, in which the defaulting party may participate; in some situations, a jury trial may be made available to determine an issue of damages. Moreover, the entry of a default judgment is a final disposition of the case and an appealable order.
>
> ....
>
> Additional differences between relief from the entry of a default and from a default judgment appear in the grounds that will support the motion being granted. Stated generally, the defaulting party is not entitled to relief from a judgment as a matter of right under Rule 60(b). The movant must present a justification supporting the relief motion and must establish his contentions if challenged. Although whether relief will be granted is a matter within the sound discretion of the trial court, the vacation of a default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion. The motion to set aside a default entry, on the other hand, may be granted for "good cause shown," which gives a court greater freedom in granting relief than is available in the case of default judgments.

10A Wright & Miller, supra, § 2692 (footnotes omitted).

While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry

-5-

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. See Pinson v. Equifax Credit Info Servs., Inc., 316 F. App'x at 750 ("In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" (quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183 (5th Cir. 1992)); United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886, 887 (10th Cir. 2013)(unpublished)("Three requirements must be met when setting aside a default judgment under Rule 60(b): '(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.'" (quoting United States v. Timbers Pres., 999 F.2d 452, 454 (10th Cir. 1993), abrogated on other grounds by Degen v. United States, 517 U.S. 820, 825, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996))). The United States Court of Appeals for the Tenth Circuit has, at times, listed two factors rather than three for the standard in setting aside a default judgment:

> Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment only if the movant can demonstrate justifiable grounds, including mistake, inadvertence, surprise or excusable neglect. In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense. E.g., Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). A 60(b) motion thus comprehends two distinct aspects[:] justification for relief and a meritorious defense.

In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978). See Sawyer v. USAA Ins. Co., 839 F. Supp. 2d 1189, 1230 (D.N.M.2012)(Browning, J.)(setting aside a default judgment, because, "when a plaintiff fails to properly serve a defendant, a default judgment is void and should be set aside

-6-

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

under rule 60(b)(4)"). "Although how these factors will be evaluated and weighed lies within the discretion of the trial court to a considerable degree, ... federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." 10A Wright & Miller, supra, § 2692 (footnotes omitted). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" Crutcher v. Coleman, 205 F.R.D. 581, 584 (D.Kan.2001)(Vratil, J)(quoting Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)). See Applied Capital, Inc. v. Gibson, No. CIV 05–98 JB/ACT, 2007 WL 5685131, at *20–23 (D.N.M. Sept.27, 2007)(Browning, J.)(liberally construing a pro se defendant's motion to dismiss as a motion to set aside the default, but concluding that the pro se defendant did not show good cause for the Court to set aside the entry of default, because, although setting aside the entry of default would not prejudice the plaintiff, the pro se defendant was "fully aware of the need to answer within the given time limitation and chose not to respond timely," and he failed to appear at a hearing to support his allegation that he had a meritorious defense).

The owner of a registered copyright under the federal statute has the exclusive rights to that copyright and can sue to enforce it. See 17 U.S.C. §§ 106, 106A, 411, 505-505. "To prove a copyright infringement under the federal Copyright Act, a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Harolds Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F.3d 1533, 1543 (10th. Cir. 1996) (internal citation omitted), cert. denied, 519 U.S. 928.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

Shive has now complied with the dictates of Rule 55. Shive moved for a Clerk's Entry of Default on June 6, 2017 (Doc. 75), and default was entered against J&C on June 28, 2017 (Doc. 76). Taking all facts stated in the complaint as true, Shive has established that he owns the copyright to the Clemons Photograph and that J&C copied and reproduced the photograph without permission.

I therefore recommend that the Court grant Shive's motion for default judgment and hold a damages hearing on this matter.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.