# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES SHIVE,

      Plaintiff,

vs.                                                                                                                       No. CIV 15-0406 JB/JHR

AMAZON.COM, INC.; EBAY, INC.;
JOHN LAVECCHIA; J&C BASEBALL
CLUBHOUSE, INC.; SEARS HOLDING
CORPORATION; UNBEATABLE
SALE.COM, INC.; and WAL-MART STORES, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND SETTING THIS MATTER FOR A DAMAGES HEARING

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Second Proposed Findings and Recommended Disposition, filed August 25, 2017 (Doc. 79)("PFRD"); and (ii) the Plaintiff's Third Motion for Default Judgment Against Defendant J&C Baseball Clubhouse, Inc., ("J&C Baseball") filed July 20, 2017 (Doc. 77)("Motion"). No party objected to the Honorable William P. Lynch's PFRD, which recommended that the Court grant the Motion. Because the Court concludes that Magistrate Judge Lynch's conclusions and recommended disposition in the PFRD are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court will adopt the PFRD. Accordingly, having entered default judgment against J&C Baseball, the Court will refer this case to the Honorable Jerry Ritter, United States Magistrate Judge, to conduct a jury trial on the question of damages.

**PROCEDURAL BACKGROUND**

Plaintiff James Shive filed a Complaint for Copyright Infringement, filed May 12, 2015 (Doc. 1)("Complaint"), against J&C Baseball and others. Shive alleges that J&C Baseball reproduced and sold online copies of a photograph of Clarence Clemons, for which Shive maintains a copyright, without Shive's permission. See Complaint ¶¶ 14, 16, at 6. Pertinent here, Shive filed a Proof of Service as to J&C Baseball, filed February 16, 2017 (Doc. 70). Shive then moved for entry of default under rule 55(a) of the Federal Rules of Civil Procedure. See Request for Entry of Default, filed June 6, 2017 (Doc. 75). The Clerk of this Court entered default as to J&C Baseball. See Clerk's Entry of Default, filed June 28, 2017 (Doc. 76). Subsequently, Shive filed his Motion for Default Judgment Against Defendant J&C Baseball Clubhouse, Inc., filed July 20, 2017 (Doc. 77). Shive included an Affidavit In Support of Motion for Default Judgment, filed July 20, 2017 (Doc. 78). Judge Lynch entered his PFRD on August 25, 2017, recommending that the Court grant Shive's Motion. See PFRD at 8.

**LAW REGARDING DEFAULT JUDGMENT**

Rule 55 mandates a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Watkins v. Donnelly, 551 F. App'x 953, 958 (10th Cir. 2014)(unpublished)[1]("Entry of default by the clerk is a necessary

---

[1] Watkins v. Donnelly is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.

prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, the party must either request the Clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2).

After entering default judgment, a district court takes all of the well-pleaded facts in a complaint as true. See United States v. Craighead, 176 F. App'x 922, 925 (10th Cir. 2006)(unpublished); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (citations omitted)). "'If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.'" United States v. Craighead, 176 F. App'x at 925 (alteration in original)(quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure § 2688, at 70-71 (4th ed. 2016)). See Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are

---

However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Watkins v. Donnelly, United States v. Craighead, 176 F. App'x 922 (10th Cir. 2006)(unpublished), Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744 (10th Cir. 2009)(unpublished), United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886 (10th Cir. 2013)(unpublished), and Pevehouse v. Scibana, 229 F. App'x 795 (10th Cir. 2007)(unpublished) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

admitted when not denied in the responsive pleading."). "'A court may enter a default judgment without a hearing only if the amount claimed is . . . one capable of mathematical calculation.'" Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d 1189, 1202 (D.N.M. 2007)(Browning, J.) (quoting H.B. Hunt v. Inter–Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) and citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A Wright & Miller, supra, § 2688, at 80 (quoting Pope v. United States, 323 U.S. 1, 12 (1944)). "If the damages sum is not certain or capable of easy computation, the court may" conduct such hearings or order such references as it deems necessary. Applied Capital, Inc. v. Gibson, 558 F. Supp. 2d at 1202 (citing Beck v. Atl. Contracting Co., 157 F.R.D. 61, 64 (D.Kan. 1994)(Lungstrum, J.)). See Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

"Default judgments are a harsh sanction." In re Rains, 946 F.2d 731, 732 (10th Cir. 1991). The Court has noted that, "[b]ecause default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error.'" Noland v. City of Albuquerque, No. CIV 08–0056, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009)(Browning, J.)(quoting In re Rains, 946 F.2d at 733).

> [S]trong policies favor resolution of disputes on their merits: [T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

In re Rains, 946 F.2d at 732-33 (citations omitted)(internal quotation marks omitted).  See Noland v. City of Albuquerque, 2009 WL 2424591, at *1 (denying motion for default judgment, because the counsel for the defendant City of Albuquerque "entered an appearance three days after Noland filed his motion for default judgment," and, thus, the Court could not "reasonably say that the City of Albuquerque is an essentially unresponsive party, that the adversary process has been halted, or that Noland faces interminable delay because of the City of Albuquerque's actions").

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009)(unpublished) (quoting Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp., 115 F.3d 767, 775 n. 6 (10th Cir. 1997)).  The distinction between setting aside an entry of default and setting aside a default judgment "reflects the different consequences of the two events and the different procedures that bring them about." 10A Wright & Miller, supra, § 2692 at 104-05.

> [T]he clerk or the court may enter a default upon the application of the nondefaulting party.  The entry simply is an official recognition of the fact that one party is in default, as, for example, for failure to comply with the rules, to appear as scheduled, or to prosecute the case with due diligence. The entry is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).
>
> In sharp contrast, a final default judgment is not possible against a party in default until the measure of recovery has been ascertained.  This typically requires a hearing, in which the defaulting party may participate; in some situations, a jury trial may be made available to determine an issue of damages. Moreover, the entry of a default judgment is a final disposition of the case and an appealable order.

> . . .
>
> Additional differences between relief from the entry of a default and from a default judgment appear in the grounds that will support the grant of each motion. Stated generally, the defaulting party is not entitled to relief from a judgment as a matter of right under Rule 60(b). The movant must present a justification supporting the relief motion and must establish his contentions if challenged. Although whether relief will be granted is a matter within the sound discretion of the trial court, the vacation of a default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion. In contrast, the motion to set aside a default entry may be granted for "good cause," which gives a court greater freedom in granting relief than is available in the case of default judgments.

10A Wright & Miller, supra, § 2692 at 105, 108-09 (footnotes omitted).

While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. See Pinson v. Equifax Credit Info Servs., Inc., 316 F. App'x at 750 ("In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" (quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183 (5th Cir. 1992))); United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886, 887 (10th Cir. 2013)(unpublished)("Three requirements must be met when setting aside a default judgment under Rule 60(b): '(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.'" (quoting United States v. Timbers Pres., 999 F.2d 452, 454 (10th Cir. 1993), abrogated on other grounds by Degen v. United States,

517 U.S. 820, 825 (1996))). The United States Court of Appeals for the Tenth Circuit has, at times, listed two factors rather than three for the standard in setting aside a default judgment:

> Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment only if the movant can demonstrate justifiable grounds, including mistake, inadvertence, surprise or excusable neglect. In the case of default judgments, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense. *E.g., Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). A 60(b) motion thus comprehends two distinct aspects[:] justification for relief and a meritorious defense.

In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978). See Sawyer v. USAA Ins. Co., 839 F. Supp. 2d 1189, 1230 (D.N.M. 2012)(Browning, J.)(setting aside a default judgment, because, "when a plaintiff fails to properly serve a defendant, a default judgment is void and should be set aside under rule 60(b)(4)"). "Although how these factors will be evaluated and weighed lies within the discretion of the trial court to a considerable degree, . . . federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." 10A Wright & Miller, supra, § 2692 at 111 (footnotes omitted). "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" Crutcher v. Coleman, 205 F.R.D. 581, 584 (D.Kan. 2001)(Vratil, J)(quoting Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)). See Applied Capital, Inc. v. Gibson, No. CIV 05-0098, 2007 WL 5685131, at *20–23 (D.N.M. Sept. 27, 2007)(Browning, J.)(liberally construing a pro se defendant's motion to dismiss as a motion to set aside the default, but concluding that the pro se defendant did not show good cause for the Court to set aside the entry of default, because, although setting aside the entry of default would not prejudice the plaintiff, the pro se defendant was "fully aware of the need to answer within the given time limitation and chose not to respond timely," and he failed to appear at a hearing to support his allegation that he had a meritorious defense).

## LAW REGARDING JURY TRIALS FOLLOWING A DEFAULT JUDGMENT

Rule 38(d) provides that, once made, "a demand for trial by jury . . . may not be withdrawn without the consent of the parties." Fed. R. Civ. P. 38(d). The Court discussed the right to a jury trial after entry of default in <u>Mitchell v. Bd. of Cty. Comm'rs</u>, CIV 05-1155, 2007 WL 2219420, at *11-13 (D.N.M. May 9, 2007)(Browning, J.). "The Court notes that many cases have held 'that the protection of Rule 38(d) is extended to the defendant after the entry of default, when Rule 55(b)(2) requires a determination of damages.'" <u>Mitchell v. Bd. of Cty. Comm'rs</u>, 2007 WL 2219420, at *12 (quoting <u>Kormes v. Weis, Voisin & Co., Inc.</u>, 61 F.R.D. 608, 610 (E.D. Pa. 1974)(Fogel, J.)(ruling that the jury demand associated with the damages hearing could not be unilaterally withdrawn in a case where the defendant made an appearance))(citing <u>Bass v. Hoagland</u>, 172 F.2d 205 (5th Cir. 1949); <u>Cinque v. Langton</u>, 8 Fed. R. Serv. 55 b.224, case 1 (E.D.N.Y. 1944)). The Court held that rule 38(d)'s plain language requires that the party against whom default is entered must give his or her consent to allow the other party to withdraw a jury demand. See <u>Mitchell v. Bd. of Cty. Comm'rs</u>, 2007 WL 2219420, at *11-13.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any

part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986) and United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual

---

[2]28 U.S.C. §§ 631 to -39.

and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a

> Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted))). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to

enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).

"[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the 28 U.S.C. § 636(b)(1) requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766

(10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular

reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec.Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.)). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin.,

No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## LAW REGARDING COPYRIGHT INFRINGEMENT

The owner of a registered copyright under the federal statute has the exclusive rights to that copyright and can sue to enforce it. See 17 U.S.C. §§ 106, 106A, 411, 505. "To prove a copyright infringement under the federal Copyright Act, a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" Harolds Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F.3d 1533, 1543 (10th. Cir. 1996)(internal citation omitted), cert. denied, 519 U.S. 928 (1996).

## ANALYSIS

The Court has carefully reviewed the PFRD and the Motion. The Court did not review the PFRD de novo, because the parties have not objected to it, but, rather, reviewed Magistrate

Judge Lynch's PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Alexandre v. Astrue, 2013 WL 1010439, at *4. The Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Rather, taking all facts stated in the Complaint as true, Shive has established that he owns the copyright to the Clemons Photograph, and that J&C Baseball copied and reproduced the photograph without permission. Accordingly, the Court agrees that Shive has established that J&C Baseball is liable under the federal statute.

**IT IS ORDERED** that: (i) the Magistrate Judge's Second Proposed Findings and Recommended Disposition, filed August 25, 2017 (Doc. 79), is adopted; and (ii) the Plaintiff's Third Motion for Default Judgment Against Defendant J&C Baseball Clubhouse, Inc., filed July 20, 2017 (Doc. 77), is granted. Default judgment is entered against Defendant J&C Baseball Clubhouse, Inc., and the Court hereby refers this case to the Honorable Jerry Ritter, United States Magistrate Judge, to conduct a jury trial on the question of damages.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James Shive
Rio Rancho, New Mexico

   *Plaintiff Pro Se*