IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SHIVE,

    Plaintiff,

v.                                                                                                     CIV 15-0406 JB/JHR

J&C BASEBALL CLUBHOUSE, INC.,

    Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Honorable James O. Browning referred this copyright infringement case to the undersigned to "conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *Doc. 81*. Thereafter, Judge Browning entered default judgment against Defendant J&C Baseball Clubhouse, Inc., and referred this matter to the undersigned to conduct a jury trial on the question of damages. *Doc. 82*. Trial was held on February 22, 2018, and the jury returned a verdict in favor of the Plaintiff, James Shive, for $36,500.00 in compensatory damages and $150,000.00 in statutory damages. *Doc. 98*. Mr. Shive elected to recover the statutory damages awarded by the jury. *Doc. 95*. The undersigned therefore recommends that the Court enter judgment in favor of the Plaintiff, Mr. Shive, for the amount of $150,000.00.

**I)**     **BACKGROUND**

The following facts have been deemed true by virtue of Defendant's default in this case:

- Plaintiff is a professional photographer.

- On May 27, 1978, Plaintiff took a photograph of Clarence Clemons, the well-known saxophonist in the E Street Band, at a concert at the Spectrum, the principal popular music concert venue in Philadelphia, Pennsylvania.

- Clarence Clemons died on June 18, 2011.

- Soon after his death, Rolling Stone magazine sought and obtained a license to use the Clemons Photograph as part of a Tribute to Clarence Clemons' memory.

- The Clemons Photograph was then published in the August 4, 2011 issue number 1136 of Rolling Stone magazine.

- Rolling Stone LLC registered its copyright in the August 4, 2011 issue of Rolling Stone magazine with the United States Copyright Office, which issued a Certificate of Registration.

- During the winter of 2014-15 Plaintiff discovered that Defendant was reproducing the Clemons Photograph and offering it for sale over the internet without his permission.

- Effective January 20, 2015, Plaintiff obtained a Certificate of Registration for the Clemons Photograph from the United States Copyright Office.

- As such, Plaintiff has established that he owns the copyright to the Clemons Photograph, and that J&C reproduced the photograph without permission.

In addition to ruling that these facts are true, the Court ruled that the Defendant willfully infringed upon Plaintiff's copyright, in violation of 17 U.S.C. §§ 106, 106A, 411 and 501. *See Docs.1*, *79*, *82*; *see, e.g.*, *Erickson Productions, Inc. v. Only Websites, Inc.*, 2016 WL 1337277 at *2 (S.D.N.Y. 2016) ("Copyright infringement is deemed willful by virtue of a defendant's default.").

Pursuant to 17 U.S.C. § 504(a), Plaintiff is entitled to "recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages," or "an award of statutory damages for all infringements involved in the action." *See* 17 U.S.C. §§ 504(b)-(c). The jury was instructed as to these two categories of damages at trial, and awarded the amounts stated above. As required by Section 504(c)(1), Mr. Shive elected to recover the statutory damages awarded by the jury.

**II) LEGAL STANDARD**

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. As such, a trial court must defer to the fact-finding function of the jury, which encompasses the amount of compensatory damages and statutory damages in a copyright infringement case. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ("The right to a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner."). "[A]bsent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial, the jury's determination of the amount of damages is inviolate." *Dodoo v. Seagate Tech., Inc.*, 235 F.3d 522, 531 (10th Cir. 2000) (quoted authority omitted). This is because "a jury's damages award is highly specific to the facts and circumstances of the case." *Evans v. Fogarty*, 241 Fed. Appx. 542, 562 (10th Cir. 2007).

## III) ANALYSIS

Here, the jury awarded Plaintiff $36,500.00 in compensatory damages and $150,000.00 in statutory damages. *Doc. 98*. The jury's awards of compensatory and statutory damages were supported by the evidence at trial. Plaintiff established, by reference to a similar photograph, that he typically makes in excess of $25,000.00 selling limited edition prints of popular photographs, such as the one at issue in this case. Plaintiff also provided evidence, in the form of a copy of the infringing photograph which Plaintiff himself purchased directly from Defendant, of the profits Defendant was able to reap as a result of the infringement. As to statutory damages, the jury was instructed that they could consider

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods. Inc.*, 603 F.3d 135, 144 (2nd Cir. 2010) (citation omitted). The Court "presume[s] the jury follows its instructions" and its task "in reviewing the adequacy of a damages award is to determine only whether there is a 'possibility of a proper explanation.'" *North v. Cummings*, 355 Fed. Appx. 133, 139 (10th Cir. 2009) (quoting *United States v. Rogers*, 556 F.3d 1130, 1141 (10th Cir. 2009)).

In view of the evidence before it, the jury's verdict does not shock the conscience nor demonstrate the operation of any improper caused. Therefore, I recommend that the Court adopt the jury's award of compensatory and statutory damages, and enter judgment in favor of the Plaintiff in the amount of $150,000.00. Additionally, Plaintiff should be permitted to seek attorney fees and costs following the entry of judgment as provided by 17 U.S.C. § 505 and

applicable law. I further recommend that post-judgment interest accrue on all amounts awarded as provided under 28 U.S.C. § 1961.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE